IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SAHARA BURTON                                                                                          PLAINTIFF

VS.                                            4:19-CV-00307-BRW

NILKANTH PIZZA INC., *et al.*                                                                     DEFENDANTS

## ORDER

Pending is Plaintiff's Supplemental Motion for Fees (Doc. No. 60). Defendants have responded and Plaintiff has replied.[1] For the reasons set out below, the motion is GRANTED IN PART and DENIED IN PART. Defendants' Motion for Fees (Doc. No. 63) is DENIED.

I.     BACKGROUND

On December 15, 2021, the Court of Appeals for the Eighth Circuit issued an opinion affirming in part and reversing in part[2] my August 24, 2020 Order on lawyers' fees.[3] The court affirmed my findings regarding the Sanford Law Firm's ("SLF") reasonable hourly rates, affirmed the removal of all hours by the managing partner, and denied SLF's request to reassign the case to another district judge. However, the court found that I erred in my reasons for removing all of the hours related to three motions for summary judgment, 1.6 hours related to oppositions to motions for extensions of time and continuances, and 0.2 hours for the belated jury trial request research.

---

[1]Doc. Nos. 63, 64.

[2]Doc. No. 55; *Burton v. Nilkanth Pizza, Inc., et al.*, No. 4:19-CV-00307-BRW, 2021 WL 5912319 (Dec. 15, 2021).

[3]Doc. No. 48.

1

## II. DISCUSSION

### A. Issues on Remand

Consistent with the Eighth Circuit's ruling and mandate, the following amounts will be added to Plaintiff's fee award: (1) 4 hours for the Motions for Summary Judgment[4] – 8.6 hours is excessive for what is essentially a form motion;[5] (2) 0.5 hours for responding to Defendants' Motion to Continue;[6] (3) 1.2 hours for responding to Defendants' Motions for Extension of Time; and (4) 0.2 hours for researching the law regarding Defendants' jury demand.[7] This results in an additional $1,032.50.

### B. Fees Accrued on Appeal

Plaintiff seeks $18,503.50 for pursing the appeal of the August 24, 2020 fees order.[8] There are several issues with this request. First, the requested hourly rate ($500) by the new lawyer is unreasonable and the hours spent on the appeal are excessive. Second, no fee paying client would spend $18,503.50 to chase down, at most, an additional $5,996 in fees.[9] Notably,

---

[4] Defendant complained that SLF claimed of 1.3 hours for refiling an "exact duplicate" of the original motion. However, SLF correctly points out in the original fees reply, changes were made to the original motion. Doc. Nos. 46, 47. The 0.7 hours billed by Mr. Sanford on this issue will not be awarded for the reasons set out in the August 24, 2020 Order.

[5] See, e.g., *Jolly v. Chi, et al.*, No. 4:16-cv-00009-DPM (E.D. Ark. Feb 10, 2017), Doc. No. 32 and *Latcham, et al. v. U.S. Pizza Company, Inc.*, No. 4:16-cv-00582-BSM (May 14, 2018), Doc. No. 67.

[6] The 0.3 hours billed by Mr. Sanford will not be awarded for the reasons set out in the August 24, 2020 Order.

[7] $700, $87.50, $210, and $35, respectively. All hours are billed at Mr. Rauls's reasonable hourly rate of $175, which was affirmed by the Eighth Circuit. See *Burton*, 2021 WL 5912319, at *2.

[8] Doc. No. 61.

[9] Plaintiff originally requested $8,948.50 in fees but was awarded $2,952.50. This results in a difference of $5,996, which is the maximum he could have recovered on appeal.

the appeal achieved additional fees of only $1,032.50 (a mere 17% of the maximum recovery) and the Eighth Circuit rejected all of SLF's weightier appeal issues (recusal, hourly rates, exclusions of the supervising lawyer's hours). Third, success was nominal. Yet, none of these facts matter.

On July 23, 2020, Plaintiff accepted an offer of judgment, which reads, "Defendants will pay Plaintiff a sum of $5,000.00, less all required taxes and withholdings, plus costs and a reasonable <u>attorneys' fee accrued to date</u> as determined by the Court."[10] Clearly, Defendants intended for the fees meter to stop running when they served the offer a day earlier.[11] This finding is also supported by the offer of judgment language that "[t]his is an attempt to simply settle the case without the need for further litigation."[12] Plaintiff accepted the offer without modification.

In the reply to the pending motion, SLF argues that Defendants waived this argument because they did not raise it in response to the first fee petition or during appeal. SLF's argument is meritless. Nothing precludes Defendants from now relying on the terms of the accepted offer of judgment to oppose over $18,000 in fees SLF allegedly accrued pursuing the appeal. Obviously, this is the first opportunity Defendants have had to raise this argument, because pending supplemental motion is the first time SLF has asked for these additional fees.

---

[10] Doc. No. 42-1 (emphasis added).

[11] *Id.* See *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir. 1995) ("Because the plain language of the settlement offers limits attorney's fees to those accrued prior to the date of the offers, the district court did not err in finding that the Guerreros' acceptance clearly and unambiguously waived attorney's fees incurred thereafter."); *Sussman v. Patterson*, 108 F.3d 1206, 1210–11 (10th Cir. 1997) (holding that the "parties intended to have a cut off date for fees and costs on March 14, 1994, when the offer of judgment was made").

[12] Doc. No. 42-1.

Based on the unambiguous language in the offer of judgment, Plaintiff is not entitled to fees and costs accrued after July 22, 2021.[13]

### C. Defendants' Request for Fees

Defendants seek reimbursement of fees and costs under 28 U.S.C. § 1927. That statute provides that a party may be awarded fees when an opposing lawyer "multiplies the proceedings in any case unreasonably and vexatiously." Considering that SLF was successful on appeal on a few nominal issues, I cannot find that SLF's decision to appeal was unreasonable or vexatious.

## CONCLUSION

For the reasons stated above and in the August 24, 2020 Order, Plaintiff's Supplemental Motion for Fees (Doc. No. 60) is GRANTED IN PART and DENIED IN PART. SLF is entitled to an additional $1,032.50 in lawyers' fees, resulting in a total award of $3,985 in lawyers' fees and $400 in costs from Defendants. Defendants' request for fees is DENIED. All other requested relief by either party is DENIED.

IT IS SO ORDERED this 27th day of January, 2022.

                                                  Billy Roy Wilson  
                                                  UNITED STATES DISTRICT JUDGE

---

[13] In the first fee petition, two billable events were submitted that occurred after this date. I previously awarded SLF 2 hours ($350) for work on the fee petition, and I did not specifically address SLF's claim of 0.2 hours ($35) for discussing and drafting the notice of acceptance of offer of judgment. Technically, these fees should not have been awarded, because they were after the offer of judgment for "a reasonable attorneys' fee accrued to date" was accepted. However, Defendants did not argue this issue when opposing Plaintiff's original petition, nor did they raise the issues on appeal. Doc. No. 48.